UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA SALAZAR,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br><br>              Defendant. | CASE NO. C14-5460 RJB<br><br>ORDER |

This matter comes before the court on review of the file herein.

**Procedural History.** On August 18, 2014, plaintiff filed this civil action, alleging that the Social Security Administration improperly denied her application for disability insurance when the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of plaintiff's treating physician, an examining physician, and two non-examining physicians; failed to meet the burden of showing that there were other jobs in the national economy that plaintiff could perform on a regular and sustained basis; failed to provide clear and convincing reasons for rejecting plaintiff's testimony; and failed to provide germane reasons for rejecting the lay testimony of plaintiff's husband.

ORDER- 1

**Basic Data.** Born in 1974, plaintiff has prior work experience as a customer service representative, machine operator, office manager, child care provider, and care giver. She has a high school degree.

**ALJ Decision**. The ALJ found (1) that plaintiff met the insured status requirements of the Social Security Act through June 30, 2013; (2) that plaintiff had not engaged in substantial gainful activity since November 15, 2011, the amended alleged onset date; (3) that plaintiff suffered from the following severe impairments: fibromyalgia; major depressive disorder, single episode; anxiety disorder; obesity; migraine headaches; and arthritis of the lumbar spine (AR 22); that the impairments, even in combination, did not qualify under the Listings; (4) that plaintiff has the residual functional capacity to perform sedentary work, except that she cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, crouch, crawl, kneel, or climb ramps and stairs; is limited to simple repetitive and routine tasks; must avoid extremes of heat, extremes of cold, wetness, vibrations and hazards; and cannot perform direct work with the public; that she could not perform any past relevant work; and lastly, (5) that plaintiff could perform other work existing in the national economy, such as final assembler, table worker, waxer, and masker. AR 23-24, 30-31.

**Legal Standard.** The findings of the Secretary of the Social Security Administration are conclusive (42 U.S.C. § 405(g)), and the decision of the Secretary to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

**Discussion.**

*1. Medical Opinion Evidence*. The ALJ erred in rejecting the opinions of plaintiff's treating physician, an examining physician, and two non-examining physicians.

1 **Treating Physician**.  The ALJ did not provide clear and convincing reasons for failing to
2 adopt all plaintiff's treating physician's (Darin Blackburn, M.D.) opinion regarding her
3 limitations.  For example, the ALJ did not accept Dr. Blackburn's opinion that plaintiff would
4 need to have unscheduled breaks 2-4 times a day for 10 to 15 minutes, miss two days of work a
5 month, and would need a low stress environment.  AR 627-629.  The ALJ gave "little weight" to
6 Dr, Blackburn's opinion because (1) it was based on plaintiff's subjective complaints, and she
7 was not "fully credible" and (2) his opinion was "inconsistent with the overall record."  Plaintiff
8 properly points out that under *Ryan v. Commissioner*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008),
9 an ALJ does not provide clear and convincing reasons for rejecting an examining physician's
10 opinion by questioning the patient's complaints where the doctor did not discredit those
11 complaints and supported his opinion with his own observations.  Here, Dr. Blackburn supported
12 his opinion with his own observations and he did not discount plaintiff's subjective complaints.
13 Further, the ALJ's opinion that Dr. Blackburn's opinion was "inconsistent with the overall
14 record" is vague, unsupported and certainly not a clear and convincing reason to reject his
15 opinion.

16 **Examining Physician**.  The ALJ failed to provide clear and convincing reasons for not
17 adopting Plaintiff's examining psychiatric physician, Mary Lemberg, M.D.'s opinion regarding
18 plaintiff's limitations.  Dr. Lemberg opined that plaintiff might have difficult attending to
19 instructions for supervisors, would have difficult interacting with co-workers, and would have
20 moderate to severe difficulty with work place stress.  AR 364.  The ALJ rejected Dr. Lemberg's
21 opinion regarding plaintiff's limitations because it was based on: (1) plaintiff's subjective
22 complaints, and she was not "fully credible," (2) plaintiff's statement, in 2012, to Dr. Lemberg
23 that she was no longer driving was inconsistent with her 2013 testimony that she was driving,
24

ORDER- 3

and (3) because it was only a "snapshot of the plaintiff" and inconsistent with the overall record. AR 29.  As stated above, under *Ryan*, the ALJ did not provide a clear and convincing reasons for rejecting an examining physician's opinion by questioning the patient's complaints where, as here, Dr. Lemberg did not discredit plaintiff's complaints and supported her opinion with her own observations.  Plaintiff's statement, in 2012, to Dr. Lemberg that she was no longer driving, and plaintiff's statement in 2013, at the hearing, that she began driving again does not provide a basis to reject Dr. Lemberg's opinion.  Plaintiff's change in driving habits does not undermine Dr. Lemberg's opinion.  Further, the ALJ erred in discounting Dr. Lemberg's opinion regarding her limitations by arguing that they were based on a "snap shot" – that is what an examining physician's opinion, by definition, is based upon.  Like her rejection of Dr. Blackburn's opinion, the ALJ's rejection of Dr. Lemberg's opinion as being "inconsistent with the overall record" is vague, unsupported and certainly not a clear and convincing reason to reject her opinion.

**Non-Examining Physicians**.  The ALJ failed provided a reason for failing to adopt all plaintiff's non-examining physicians' (Eugene Kester, M.D. and Renee Eisenhauer, Ph.d.) opinions regarding her limitations.  For example, the ALJ did not adopt Dr. Kester's opinion that plaintiff should have a minimum amount of extraneous supervision and work in a small group of co-workers (AR 86) or adopt Dr. Eisenhauer's opinion that plaintiff needs to have minimal extraneous supervision and superficial contact with co-workers (AR 101).  The ALJ states that she gave "some weight" to these opinions, but then states that "for the reasons discussed above" the plaintiff is "better accommodated with the above residual functional capacity." AR 29.  The ALJ failed to give any reason for rejecting these opinions, and erred.

**Conclusion on Assessment of Medical Evidence**.  The ALJ failed to properly assess the medical evidence.

ORDER- 4

*2. Other Jobs in National Economy*. The ALJ failed to meet the burden of showing that there were other jobs in the national economy that plaintiff could perform on a regular and sustained basis.  The ALJ failed to properly assess the medical evidence, and as a consequence, it is unclear whether her assessment of plaintiff's residual functional capacity and her questions to the vocational expert accurately reflected all plaintiff's limitations.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).  Consequently, the ALJ has failed to carry her burden at step five.  The matter should be remanded to the Commissioner for further proceedings consistent with this opinion.

*3. Assessment of Plaintiff's Testimony and Lay Testimony.*  Plaintiff claims that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony and did not provide germane reasons for rejecting the lay testimony of plaintiff's husband.  The Court is remanding this matter to the Commissioner for further proceedings and need not reach these additional assignments of error.

Accordingly, it is hereby **ORDERED** that:

The Commissioner's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion**.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of November, 2014.

ROBERT J. BRYAN
United States District Judge

ORDER- 5